(31 Misc. Rep. 6.)

### TRACY et al. v. DOLAN et al.

(Supreme Court, Special Term, New York County.  March, 1900.)

TRIAL—PARTITION—ISSUES.

In a suit for partition, under an order that the issues as made by the pleadings be tried by a jury, three separate trials were had, and, though the pleadings raised several questions of fact, the uncontroverted evidence eliminated all but one, concerning which a sealed verdict was had on the last trial. Defendant at no time requested a submission of any other question, and her counsel on the second trial formulated what was to be passed on by the jury, and limited it to the question determined. *Held*, that a motion of defendant to set aside the verdict on the ground of mistrial, in that all the issues were not determined, should be denied, since Code Civ. Proc. § 1544, allowing trial of issues of fact in partition cases, is permissive, and hence, as the parties could have restricted the original order directing the trial of the pleaded issues to the one actually determined, their consent expressed or implied at the trial would similarly restrict them.

Action by Alberta P. Tracy and Robert C. Davey, as executors, etc., of William L. Evans, deceased, against Annie Dolan and others, executors, and Freelove L. O'Brien, executrix, of Peter T. O'Brien, deceased. Motion to set aside the verdict and declare a mistrial. Denied.

Shipman, Larocque & Choate, for plaintiffs.
Fettretch, Silkman & Seybel, for defendant Dolan.

LEVENTRITT, J.  This is an action in equity, in which, under an order that the "issues as made by the pleadings be tried by jury," proceedings were had at the trial term. Three separate trials were had, at each of which but a single question of fact was submitted to the jury. The first two resulted in a disagreement, while the third eventuated in a verdict favorable to the plaintiffs. While, upon the face of the pleadings, various issues of fact are raised, the uncontroverted evidence on the last trial, as upon the former trials, eliminated all but the one concerning which a sealed verdict was rendered. After the jury had separated, and when they assembled in court, where their verdict was received and recorded, the learned justice presiding at the trial, upon the application of the plaintiffs, directed findings upon the undisputed questions. A motion was thereupon made by the defendant at the special term to vacate these additional findings. The motion was granted on the ground that the justice was without authority to make or direct such findings. 63 N. Y. Supp. 457. A further motion is now made to set aside the verdict and to declare a mistrial for the reason that all the issues raised by the pleadings were not determined. I am of the opinion that this motion should be denied. The objecting defendant, by her conduct on each of the trials, conceded that the evidence reduced the issues determinable by the jury to a single one, and accordingly that one was on each occasion alone submitted. There was at no time any request to submit any other question, nor any exception or protest that the issues had been improperly narrowed, or that the course of any of the trials was violative of the terms or spirit

of the order. There was not merely acquiescence by the defendant in the procedure adopted. On the second trial her counsel, at the court's suggestion, formulated what was to be passed upon by the jury, and limited it to the question beyond which no finding was requested at any of the trials. Section 1544 of the Code, applicable to the trial of issues of fact in partition actions, is permissive. The parties could certainly have restricted the original order directing a jury trial of the pleaded issues to the one actually determined. Surely, then, by their consent, express or implied, on the trial, could they similarly restrict them. The counsel for the defendant emphasized this consent on the last trial by objecting that the learned justice had no authority to make or direct the additional findings, urging "that the matter is one which belongs to the special term, to which application for final judgment or any judgment must be made, this being an equity case." I am in accord with this view. The unequivocal position adopted throughout the entire litigation strengthens the conclusion that all further proceedings should be remitted to the special term.

Motion denied, with $10 costs.